Commonwealth ex rel. Burge, Appellant, *v.* Ashe.

Argued November 20, 1950. Before HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ. (RHODES, P. J., absent).

*Raymond Burge,* appellant, in propria persona, submitted a brief.

*W. R. Dennison,* Assistant District Attorney, with him *Frank J. Docktor,* District Attorney, *Joseph · L. Lewis,* Assistant District Attorney and *William C. Porter,* for appellee.

PER CURIAM, January 12, 1951:

Relator presented his petition for writ of habeas corpus to the Court of Common Pleas of Allegheny County on January 9, 1950. A rule to show cause why a writ of habeas corpus should not issue was granted, and answers were filed by the warden of the Western State Penitentiary, the District Attorney of Allegheny County, and the District Attorney of Washington County. The writ was refused on the petition and answers. Relator has appealed.

Relator was tried and convicted on May 9, 1946, in the Court of Oyer and Terminer of Washington County on bill of indictment No. 222, May Sessions, 1946, charging (1) statutory rape, and (2) sodomy; and on bill of indictment No. 222½, May Sessions, 1946, charging larceny. True bills had been found by the grand jury. On the same day, after the verdicts of guilty by the jury, relator signed a plea of guilty to bill of indictment No. 220, May Sessions, 1946, charging assault with intent to ravish, and to bill of indictment No. 221, May Sessions, 1946, charging assault with intent to ravish. True bills had been found by the grand jury and relator signed pleas of guilty to the

respective indictments. At the trial on bills Nos. 222 and 222½, May Sessions, 1946, relator was represented by counsel, and at the time of the entry of the pleas on bills Nos. 220 and 221, May Sessions, 1946, his counsel appeared with him. On May 17, 1946, relator, with his counsel, appeared before Honorable CARL E. GIBSON, President Judge of the Courts of Washington County, for sentence. After affording an opportunity to relator and his counsel to make a statement, the court imposed the following sentences: On bill No. 222½, May Sessions, 1946 (larceny), a term of not less than one year nor more than two years in the Western State Penitentiary, effective April 20, 1946; on bill No. 222, May Sessions, 1946 (first count) statutory rape, a term of not less than seven and one-half years nor more than fifteen years in the Western State Penitentiary commencing at the expiration of the sentence on bill No. 222½, May Sessions, 1946, and (second count) sodomy, a term of not less than five years nor more than ten years commencing at the expiration of the sentence on the first count; on bill No. 220, May Sessions, 1946, assault with intent to ravish, a term of not less than two and one-half years nor more than five years commencing at the expiration of sentence imposed on the second count in bill No. 222, May Sessions, 1946; on bill No. 221, May Sessions, 1946, assault with intent to ravish, a term of not less than two and one-half years nor more than five years commencing at the expiration of sentence imposed on bill No. 220, May Sessions, 1946. As compiled and entered the minimum of the sentences would be not less than eighteen and one-half years and the maximum not more than thirty-seven years. See *Com. ex rel. McDevitt v. Burke,* 166 Pa. Superior Ct. 194, 195, 70 A. 2d 663.

It was not necessary that relator be produced in court to be heard on his petition for writ of habeas

corpus. No factual issues requiring the taking of testimony were involved. Relator's averment that he did not endorse the bills of indictment Nos. 220 and 221, May Sessions, 1946, is immaterial as he signed a plea of guilty on separate forms to each bill. Relator's further complaint that he was arrested without a warrant, and that his home was searched without a search warrant is not reviewable by way of habeas corpus after his trial and conviction. See *Com. ex rel. Spencer v. Ashe,* 364 Pa. 442, 445, 71 A. 2d 799. The sufficiency of the evidence to sustain the verdict on the charge of rape is likewise not a matter for consideration on habeas corpus. *Com. ex rel. Contardi v. Smith,* 344 Pa. 61, 24 A. 2d 10; *Com. ex rel. Marelia v. Burke,* 366 Pa. 124, 75 A. 2d 593. However, in this connection, at the time of imposition of sentence, the trial judge said: "That a rape had been committed on this child was clear, both on her testimony and that of her mother immediately afterward, and also on that of the doctor who examined her." Three different children were the victims of relator's attacks.

Finally, relator's contention that the sentences on bill No. 222 charging (first count) statutory rape, and (second count) sodomy should have been concurrent is likewise devoid of merit. The offenses charged were separate and distinct. There was no merger of the charge of rape with that of sodomy. The jury found relator guilty on each count, and he was properly sentenced for each offense. *Com. ex rel. Miller v. Ashe,* 114 Pa. Superior Ct. 332, 174 A. 295. See *Com. ex rel. Hnat v. Ashe,* 165 Pa. Superior Ct. 25, 67 A. 2d 769. When one of two criminal acts committed successively on a victim is not a necessary ingredient of the other there may be a conviction and sentence for both. *Com. v. McCusker,* 363 Pa. 450, 458, 70 A. 2d 273; *Com. ex rel. Moszczynski v. Ashe,* 343 Pa. 102, 21 A. 2d 920; *Com. ex rel. Madden v. Ashe,* 162 Pa. Superior Ct. 39, 42, 56 A. 2d 335.

And a bill of indictment may contain several counts charging several offenses if they all arise out of the same transaction. *Com. v. Schoen,* 25 Pa. Superior Ct. 211, 214. The successive acts of the relator at the same place, at the same time, and on the same victim constitute two offenses, and counts charging each offense were properly joined in the bill of indictment. Relator at his trial raised no question as to the form of the indictment; it could not be raised for the first time on appeal. *Com. v. Schoen,* supra, 25 Pa. Superior Ct. 211, 214. Obviously the sufficiency of an indictment cannot be reviewed in habeas corpus proceedings. *Com. ex rel. McGlinn v. Smith,* 344 Pa. 41, 52, 24 A. 2d 1.

Order is affirmed.