# Commonwealth ex rel. Gaito, Jr., Appellant, *v.* Claudy.

Argued November 12, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*Joseph Gaito, Jr.,* appellant, in propria persona, submitted a brief.

*Albert A. Fiok,* Assistant District Attorney, with him *James F. Malone, Jr.,* District Attorney, for appellee.

PER CURIAM, January 20, 1953:

Relator being represented by counsel was tried and convicted on bills of indictment charging armed robbery, larceny, and carrying concealed weapons. He was sentenced by the Court of Quarter Sessions of Allegheny County on December 14, 1949. On October 2, 1945, relator had been sentenced by the Court of Quarter Sessions of Allegheny County to serve a term of not less than three and one-half years nor more than seven years in the Western State Penitentiary for felonious assault and battery. Relator was released on parole on August 4, 1949.

On February 6, 1952, relator presented a petition for writ of habeas corpus to the Court of Common Pleas of Allegheny County at No. 1291, April Term, 1952. Rule having been granted thereon answers were filed by the Warden of the Western State Penitentiary and the District Attorney of Allegheny County. A hearing was held on March 17, 1952, at which relator was present and represented by counsel.

Relator sets forth in his petition as the basis thereof that he had been denied due process, and that his constitutional rights had been violated in that all the established forms had been disregarded from his arrest to his conviction. His petition is made up largely of a recital of his version of the evidence for the pur-

pose of demonstrating that it was insufficient to warrant his convictions.[1] At the hearing upon his petition his dissatisfaction with the trial and the results thereof was reiterated. We find nothing in this record which would afford any ground for granting a writ of habeas corpus. We have not referred to relator's criminal record, and it would serve no purpose to endeavor to discuss his assertions that he did not receive a fair trial because of trial errors. The writ of habeas corpus is a civil proceeding, and it cannot be utilized to examine every objection made and alleged error committed in the trial of a criminal case. *Com. ex rel. Marelia v. Burke,* 366 Pa. 124, 126, 75 A. 2d 593.

President Judge MCNAUGHER, after the hearing on relator's petition, discharged the rule, denied the writ, and remanded relator to the Western State Penitentiary.

Order is affirmed.

---

[1] The writ of habeas corpus cannot be used as a substitute for an appeal (*Com. ex rel. McGlinn v. Smith,* 344 Pa. 41, 47, 24 A. 2d 1); and the sufficiency of the evidence to sustain a verdict is not a matter for consideration in habeas corpus (*Com. ex rel. Burge v. Ashe,* 168 Pa. Superior Ct. 271, 274, 77 A. 2d 725).