## Commonwealth ex rel. Sharpe, Appellant, *v.* Burke.

Argued October 12, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*William J. Woolston,* for appellant.

*Armand Della Porta,* Assistant District Attorney, with him *Michael von Moschzisker,* First Assistant District Attorney, *Samuel Dash,* Assistant District Attorney, and *Richardson Dilworth,* District Attorney, for appellee.

OPINION BY RHODES, P. J., December 29, 1953:

On March 9, 1939, relator was tried and convicted in the Court of Oyer and Terminer of Philadelphia County on three bills of indictment (Nos. 576, 578, 580, December Sessions, 1938) charging robbery, burglary, and carrying concealed deadly weapons. The sentence on bill No. 576 (armed robbery) was for a term of imprisonment in the Eastern State Penitentiary of not less than ten years nor more than twenty years. At that time relator was on parole from a sentence of not less than one year nor more than twenty

years to be served in the Philadelphia County Prison. The latter sentence had been imposed on June 27, 1933, by the same court, after trial and conviction, on a bill of indictment (No. 1335, May Sessions, 1933) charging armed robbery. The sentence on bill No. 576 was directed to be effective at the expiration of relator's sentence on bill No. 1335. Relator was not sentenced on bills Nos. 578 and 580.

On January 21, 1952, relator, being confined in the Eastern State Penitentiary, filed a petition for writ of habeas corpus in the Court of Common Pleas No. 4 of Philadelphia County. A rule to show cause was issued. On January 31, 1952, relator filed an amended petition. An answer was filed by the District Attorney of Philadelphia County. On April 4, 1952, the court dismissed the petition on the ground that it was premature as relator was still serving the remainder of the sentence imposed at No. 1335, May Sessions, 1933, whereas the petition related merely to the sentence imposed at No. 576, December Sessions, 1938.

On March 12, 1953, relator filed a second amended petition for a writ of habeas corpus. An answer was filed by the Warden of the Eastern State Penitentiary. On March 20, 1953, a hearing was held before Judge MILNER at which relator was present and represented by counsel. Testimony was presented by relator and the Commonwealth.

In his second amended petition relator called to the attention of the court that he had been sentenced on March 9, 1939, to the Eastern State Penitentiary by the late President Judge HARRY S. McDEVITT on bill No. 576, and that it was provided in such sentence that it was not to be effective until the expiration of the sentence imposed at No. 1335, May Sessions, 1933. On the following day, March 10, 1939, Judge JAMES G. GORDON, JR., entered an order to the effect that relator,

having violated his parole, be remanded to the Philadelphia County Prison there to serve the remainder of the sentence at No. 1335, May Sessions, 1933, and thereafter be remanded to the Eastern State Penitentiary to start and begin the sentence of not less than ten years nor more than twenty years imposed on March 9, 1939. This, relator asserted, violated the provision of the Act of June 22, 1931, P. L. 862, §1, 61 PS §305. Relator contended that the order of service having been provided by law could not be changed; and that therefore he was serving the sentence imposed on bill No. 576, the language and intention of the sentencing judge being immaterial. Judge MILNER properly concluded there was merit in this contention, and granted a hearing on relator's second amended petition. However, after hearing, Judge MILNER filed a comprehensive opinion wherein he states that except for the error in the designation of the manner of service of the sentence imposed on bill No. 576, there is no merit in relator's petition. An order was thereupon entered remanding relator and remitting the record to the Court of Oyer and Terminer of Philadelphia County for resentence. On May 8, 1953, the latter court corrected the sentence imposed on bill No. 576, making the effective date thereof "to begin from November 23, 1938, the date of his commitment to the County Prison on the charge contained in the within indictment."

In this appeal from the action of the Court of Common Pleas No. 4, denying a writ of habeas corpus, relator does not complain of the order of remand, nor does he complain of the subsequent correction of sentence. See *Com. ex rel. Graham v. Claudy,* 171 Pa. Superior Ct. 562, 91 A. 2d 389. His statement of questions involved relates to a few of the many matters raised in his petition and the amended petition.

Three of such questions pertain to alleged deficiencies in the charge of the trial judge. Relator contends that the trial judge failed (1) to define for the jurors the crimes specified in the indictment; (2) to charge the jury as to the doctrine of reasonable doubt; and (3) to charge the jury as to the presumption of innocence. These alleged errors, he asserts, constitute a lack of due process.

Both appellate courts of this Commonwealth have repeatedly and clearly stated the limitations of habeas corpus. It is not available to review the sufficiency of the evidence upon which a conviction is based, or for the correction of trial errors which could have been reviewed and corrected on appeal; it is not a substitute for an appeal or for a writ of error or for a motion for a new trial.[1] Application of these principles renders any discussion of the three enumerated questions unnecessary. We have noted, however, the reference in the opinion of Judge MILNER to the effect that relator was represented at his trial by an able lawyer with a long experience in the trial of criminal cases, that no exceptions were taken to the charge of

---

[1] *Com. ex rel. Townsend v. Burke*, 361 Pa. 35, 41, 63 A. 2d 77; *Com. ex rel. Marelia v. Burke*, 366 Pa. 124, 126, 75 A. 2d 593; *Com. ex rel. Carey v. Montgomery County Prison Keeper*, 370 Pa. 604, 606, 88 A. 2d 904; *Com. ex rel. Geiger v. Burke*, 371 Pa. 230, 89 A. 2d 495; *Com. ex rel. Pickwell v. Burke*, 372 Pa. 450, 93 A. 2d 482; *Com. ex rel. Elliott v. Baldi*, 373 Pa. 489, 493, 96 A. 2d 122; *Com. ex rel. Harris v. Burke*, 374 Pa. 43, 46, 96 A. 2d 909; *Com. ex rel. Cameron v. Burke*, 172 Pa. Superior Ct. 26, 92 A. 2d 255; *Com. ex rel. Gaito, Jr., v. Claudy*, 172 Pa. Superior Ct. 242, 94 A. 2d 107; *Com. ex rel. Howard v. Claudy*, 172 Pa. Superior Ct. 574, 93 A. 2d 906; *Com. ex rel. Reynolds v. Burke*, 173 Pa. Superior Ct. 146, 96 A. 2d 193; *Com. ex rel. Kitzinger v. Claudy*, 173 Pa. Superior Ct. 453, 98 A. 2d 457. See *United States v. Jonikas*, 7 Cir., 197 F. 2d 675, certiorari denied 344 U. S. 877, 73 S. Ct. 171, 97 L. Ed. 679.

the court, and that no request was made for further instructions. It is also pertinent to point out that the present relator did take an appeal to this Court from the very conviction and sentence he now attacks. In affirming the judgment, we said in *Com. v. Sharpe*, 138 Pa. Superior Ct. 577, 578, 580, 10 A. 2d 783, 784: "There was no motion for a new trial in the court below, and none of the assignments is based upon any exception. There was no specific or general exception to the charge of the court, which is the primary basis of complaint on this appeal . . . . The charge of the court contains no fundamental error. Counsel for appellant, however, complains that the charge was inadequate as to identification, as to reasonable doubt, and as to the defense of alibi. The probative weight of the testimony as to identity was exclusively for the jury, and was properly left to the jury by the trial judge. In the absence of a specific request the trial judge was not required to elucidate on the definition of reasonable doubt. *Com. v. Kelly*, 134 Pa. Superior Ct. 241, 243, 4 A. 2d 209."

Obviously, relator did raise on his appeal from judgment of sentence some of the questions which he in this habeas corpus proceeding now presents. If he had any further complaints as to the charge of the court he had an opportunity to assign them on that appeal. See *Com. ex rel. Allen v. Claudy*, 170 Pa. Superior Ct. 499, 87 A. 2d 74.

Relator also avers in his petition and sets forth as a question involved on this appeal that the trial jury was not selected or sworn in his presence. This was denied in the answer of the District Attorney. At the hearing on his petition relator testified that the jury was in the jury box when he entered the court room, and that he did not recall that it was selected or sworn thereafter. Disposition of this allegation was

conclusively made by the hearing judge; the credibility of the witnesses, including the relator, was for him to determine; the evidence supports his finding. In his opinion Judge MILNER said: "The petitioner in this case was tried on March 9, 1939. On January 21, 1952, almost a full thirteen years later the petitioner presented his original petition for habeas corpus alleging as a procedural defect that he was not present when the jury which tried him was impaneled. In the intervening years the trial judge and Michael J. McEnery, Esq., the lawyer who was retained by a brother of the relator, to defend him and did defend him at the trial, have died. In such a situation we are of the opinion that the testimony of the relator (defendant) in contradiction to the import of the record should be received with caution. Fortunately the assistant district attorney (now Judge) VINCENT A. CARROLL who represented the Commonwealth was available as a witness and was called by the Commonwealth at the hearing upon the petition to testify as to his recollection of events cited by the relator." Judge CARROLL testified that a jury was placed in the jury box for trial of relator in the presence of relator and was sworn in his presence. Continuing, Judge MILNER said in his opinion: "[Relator] was represented by counsel at the trial and there is no evidence that he or his counsel were deprived of the defendant's right to challenge any member of the jury. The record in the case is therefore fortified by credible evidence which we find persuasive that the relator was present when the jury that tried him was impaneled and sworn and there is no evidence that he was deprived of his right to challenge the jurors."

Relator also claims that the jury rendered its verdict without leaving the jury box and he questions the effect of this procedure. We agree with the conclu-

sion of Judge MILNER as incorporated in his opinion: "There is no requirement of the law whereby a jury must leave the jury box or courtroom to deliberate as to its verdict or prohibiting it from the immediate pronouncement of its verdict. The requirement is that it be unanimous, as it was here, and it may be pronounced without leaving the jury box or courtroom and without long consultation. Again we may refer to the presumption of regularity in the trial of this .case over 13 years ago . . . . Neither in the record nor in relator's testimony at the hearing before us is there an iota of proof that the jury was prevented from retiring to confer had it so desired. In any event such alleged error is not such as would be reviewable in a habeas corpus proceeding."

Relator was not deprived of the right to be present at every stage of his trial. He was present with counsel from the selection of the jury to and including the rendition of its verdict. He has not been denied any constitutional right, and there was no violation of due process as a result of the alleged method by which the jury deliberated and reached its verdict. He suffered no prejudice. If the action of the jury in reaching a verdict could be questioned on appeal, it cannot be a cause for discharge on habeas corpus. See *Com. v. Fugmann*, 330 Pa. 4, 29, 198 A. 99.

The order of the court below is affirmed.