## Commonwealth ex rel. Jackson, Appellant, *v.* Day.

Submitted October 3, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Norman Jackson,* appellant, in propria persona.

*Samuel Dash,* District Attorney, *Vincent G. Panati,* First Assistant District Attorney, *William T. Gennetti,* Assistant District Attorney, and *Victor Wright,* Assistant District Attorney, for appellee.

OPINION BY ROSS, J., November 16, 1955:

Norman Jackson appeals from the dismissal of his petition for writ of habeas corpus by the court below after a hearing at which he was present, presented evidence, and argued in his own behalf.

On February 25, 1954, Jackson was tried without a jury (which he waived) and convicted of the crimes

of sodomy, incestuous fornication and adultery, aggravated assault and battery, assault with intent to ravish, and rape, all of which charges grew out of acts committed upon his two young daughters. He is serving concurrent sentences of from three to ten years and from four to fifteen years in the Eastern State Penitentiary on two of the Bills. Sentence was suspended on the others. No new trial was sought after the trial nor was any appeal taken.

A prior petition for habeas corpus was withdrawn. The present petition sets forth nine reasons why he believed his incarceration to be illegal, though in essence there are but five, the others being repetitious of these. He asserts as error the receiving into evidence of his signed confession on the ground that he was intoxicated when it was obtained; that the Bills of Indictment were not proper; that his court appointed counsel made errors in judgment, that the conviction was against the weight of the evidence, and finally that the witnesses perjured themselves.

At the hearing on the habeas corpus below, Jackson was afforded wide latitude in arguing and producing evidence in support of his contentions, but the court below believed, and we agree, that he produced nothing warranting his discharge. Aside from the circumstance that his contentions related to matters which should have been raised on appeal, habeas corpus proceedings being no substitute for an appeal, *Commonwealth ex rel. Yeschenko v. Keenan,* 179 Pa. Superior Ct. 145, 148, 115 A. 2d 386, 388, he produced nothing to overcome the presumption of the regularity of his trial. *Commonwealth ex rel. Popovich v. Claudy,* 170 Pa. Superior Ct. 482, 485, 87 A. 2d 489.

The matters raised are those usually found in these cases, and most of them have recently been passed upon by our appellate courts. For example, on the question

of alleged false testimony, see *Commonwealth ex rel. Bishop v. Maroney,* 382 Pa. 324, 325, 326, 114 A. 2d 906, 907: ". . . contentions aimed to show that testimony at the trial was false and that he should not have been convicted . . . [are] . . . all matters . . . obviously not the subject of consideration in a habeas corpus proceeding . . .". On the errors of court appointed counsel, we recently said in *Commonwealth ex rel. Comer v. Maroney,* 178 Pa. Superior Ct. 633, 638, 116 A. 2d 301, 304: "Moreover, the mere fact that a criminal, after conviction is of the opinion that the trial was not properly conducted by his counsel constitutes no ground for the issuance of a writ of habeas corpus.". And on the alleged short notice, in *Commonwealth ex rel. DeSimone v. Maroney,* 179 Pa. Superior Ct. 300, 303, 116 A. 2d 747, 748, we held that the contention ". . . that he was compelled to proceed to trial without adequate notice . . . [is] not the subject of relief in a habeas corpus proceeding.".

In support of the alleged illegality of the bills of indictment he contends that there was insufficient testimony presented before the grand jury to support the indictment. Aside from its lack of merit, this is clearly not a matter to be first raised on habeas corpus. Any objection to the obtaining of the indictment should have been timely made. *Commonwealth ex rel. Burge v. Ashe,* 168 Pa. Superior Ct. 271, 275, 77 A. 2d 725. Nor is the contention that the indictment did not sufficiently inform him of the offense (because of a slight difference in dates—no question of alibi or statute of limitations was involved) properly raised here. *Commonwealth ex rel. Hnat v. Ashe,* 165 Pa. Superior Ct. 25, 26, 67 A. 2d 769.

His final contention, the alleged error in receiving into evidence his signed confession, involves a matter of admissibility and weight of evidence. When the con-

fession was offered, it became initially a matter for the trial judge to determine whether it was voluntary and admissible. *Commonwealth v. Dilsworth,* 289 Pa. 498, 506, 137 A. 683. In authenticating the confession, the judge specifically questioned the police officer on the matter of appellant's intoxication, and he concluded that the appellant had his senses when he uttered the confession. Since no jury was here involved, the judge was also the trier of fact, and in that capacity, it was his function to determine, after admissibility, the weight to be given the confession. See *Commonwealth v. Lockard,* 325 Pa. 56, 62, 188 A. 755. In so doing, he could consider *inter alia* the fact that defendant had consumed some alcohol but was not drunk, as well as the fact that the confession closely corroborated the sordid events testified to by appellant's two daughters, the victims of his lust. Aside from the fact that this matter relates to admissibility and weight of evidence and is not properly raised in a habeas corpus proceeding, *Commonwealth ex rel. Marelia v. Burke,* 366 Pa. 124, 75 A. 2d 593, the appellant has failed in his burden of showing that the confession was improperly admitted at the trial.

Likewise, his question of the sufficiency of the evidence to convict cannot be first raised in this habeas corpus proceeding. *Commonwealth ex rel. Fox v. Tees,* 175 Superior Ct. 453, 455, 106 A. 2d 878.

We have thoroughly examined the record and briefs in this matter and we are led only to the conclusion that appellant has failed to sustain his burden of showing a sufficient legal basis in support of his petition and accordingly it was properly dismissed.

Order affirmed.