## Commonwealth ex rel. Jones, Appellant, *v.* Day.

Submitted March 21, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*James Jones,* appellant, in propria persona.

*Vincent G. Panati,* First Assistant District Attorney, *Victor Wright* and *Christopher F. Edley,* Assistant District Attorneys, *James N. Lafferty,* Deputy District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION PER CURIAM, April 11, 1956:

Relator's petition for writ of habeas corpus was dismissed by the Court of Common Pleas No. 3 of Philadelphia County. On appeal from the order of the court below, relator avers that he was denied due process of law because the trial judge considered a written statement made by one of relator's accomplices who was being tried jointly with him. The trial was before Honorable CHARLES KLEIN in the Court of Oyer and Terminer of Philadelphia County, sitting without a jury, on bill of indictment No. 1056, April Term, 1954, charging relator and two accomplices with armed robbery. He was sentenced on December 10, 1954, and his sentence was to be effective as of April 14, 1954.

There is no merit in relator's contention, and the record in the trial court does not support his assertion that the statement or confession of one of his co-defendants was improperly considered against relator by

the trial judge. Moreover, if relator was of the opinion that the trial judge erred in admitting the alleged statement in evidence, the proper remedy would have been by appeal. At his trial relator was represented by counsel as shown by the trial record. As we said in *Com. ex rel. Sharpe v. Burke,* 174 Pa. Superior Ct. 350, 354, 101 A. 2d 397, 399: "Both appellate courts of this Commonwealth have repeatedly and clearly stated the limitations of habeas corpus. It is not available to review the sufficiency of the evidence upon which a conviction is based, or for the correction of trial errors which could have been reviewed and corrected on appeal; it is not a substitute for an appeal or for a writ of error or for a motion for a new trial."

"The writ of habeas corpus is a civil proceeding, and it cannot be utilized to examine every objection made and alleged error committed in the trial of a criminal case. Com. ex rel. Marelia v. Burke, 366 Pa. 124, 126, 75 A. 2d 593." *Com. ex rel. Gaito, Jr. v. Claudy,* 172 Pa. Superior Ct. 242, 244, 94 A. 2d 107, 108.

Order of the court below is affirmed.