Commonwealth ex rel. Ashmon, Appellant, *v.* Banmiller.

Submitted November 12, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

142

*Jesse Ashmon,* appellant, in propria persona.

*William H. Saye,* Assistant District Attorney, and
*H. F. Dowling,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, January 6,
1958:

The appellant, who is serving a life sentence in the
Eastern State Penitentiary for murder, appeals from
an order of the court below dismissing his petition for
a writ of habeas corpus.

When, as defendant, the appellant was arraigned
on the indictment charging him with murder, he en-
tered a plea of guilty. But, at the hearing before the
court for the taking of testimony in order to fix the
degree of the crime and the penalty, he claimed that
his fatal stabbing of the deceased was done in self de-
fense and also contended that, even if adjudged guilty
of a penal offense, his crime rose no higher than vol-
untary manslaughter. Upon his subsequent petition,
the court permitted him to change his plea to not
guilty. At the ensuing trial, the jury found him guilty
of murder in the first degree and fixed the penalty at
life imprisonment whereon judgment of sentence was
duly entered.

In support of his petition for a writ of habeas corpus against the restraint thus imposed upon him, the relator alleges (1) that no member of the Negro race, to which he belongs, was selected for service on the jury which tried and convicted him, (2) that the trial judge erroneously allowed in evidence reference to his plea of guilty which he had formerly made but subsequently withdrew and (3) that the court, before imposing sentence, failed to inquire of him whether he had anything to say why sentence should not be pronounced.

In support of his first contention, the appellant avers that three members of his own race were called for jury service at his trial but were challenged by the Commonwealth and that, consequently, the jury which tried and convicted him was composed entirely of Caucasians. As pointed out by Judge ROYAL in the opinion for the court below,—"The fact that the Commonwealth saw fit, as it had a right to do, to exercise some of its peremptory challenges in excluding these jurors or for cause where just cause existed, did not constitute a denial of due process of law." What we said in *Commonwealth v. Bentley,* 287 Pa. 539, 545, 135 A. 310, is peculiarly apposite—"The defendant had the legal right to reject jurors called, but not to select those by whom he would be tried: Com. v. Morgan, 280 Pa. 67." The same concept is to be found in *Commonwealth v. Antico et al.,* 146 Pa. Superior Ct. 293, 314, 22 A. 2d 204, where it was said that the "Defendants were entitled to a trial by a fair and impartial jury, but not to a trial by any particular juror or jurors." See, also, *Commonwealth v. Schoenleber and Patterson,* 96 Pa. Superior Ct. 76, 79. The alleged discrimination which the appellant labors to import to the jury selection did not exist in fact. Negroes are not excluded from jury service in Pennsylvania. The very

fact, as the learned court below observed, that three Negroes were called for jury service at the appellant's own trial is conclusive proof that members of his race were not excluded from the panel from which his trial jury was drawn.

The contention that the court erroneously admitted in evidence reference to the defendant's earlier plea of guilty is obviously directed at alleged trial error which is not matter for appellate review upon a habeas corpus proceeding. The remedy for trial error is by motion for new trial followed, if necessary, by an appeal. We, as well as the Superior Court, have frequently recognized that a habeas corpus petition is not available for the correction of trial errors which could have been reviewed and corrected on appeal; it is not a substitute for an appeal or for a writ of error or for a motion for a new trial: *Commonwealth ex rel. Marelia v. Burke*, 366 Pa. 124, 126, 75 A. 2d 593; *Commonwealth ex rel. Ketter v. Day*, 181 Pa. Superior Ct. 271, 273, 124 A. 2d 163; *Commonwealth ex rel. Jones v. Day*, 181 Pa. Superior Ct. 37, 39, 121 A. 2d 896; *Commonwealth ex rel. Ruger v. Day*, 176 Pa. Superior Ct. 479, 482, 108 A. 2d 818; *Commonwealth ex rel. Cobb v. Burke*, 176 Pa. Superior Ct. 60, 63, 107 A. 2d 207; *Commonwealth ex rel. Sharpe v. Burke*, 174 Pa. Superior Ct. 350, 354, 101 A. 2d 397. In no event did the reference at trial to the defendant's former plea of guilty constitute error. It was no different, as evidence, than any subsequently repudiated admission or confession of guilt. Its admissibility is clear; its weight, of course, was for the jury.

The appellant's remaining contention is equally without merit. He argues that the failure of the sentencing judge to inquire whether the defendant had anything to say before sentence was pronounced served to vitiate the sentence. Even if it did, the conviction

would not thereby be vacated; the ensuing procedure would merely require a resentencing: see *McCue v. Commonwealth*, 78 Pa. 185, 191, and *Commonwealth v. Preston*, 188 Pa. 429, 437, 41 A. 534. The formal inquiry by a court of a convict before passing sentence upon him was a common law right of a defendant about to be sentenced *to death*. But, such right does not extend to a convicted defendant whose penalty is less than death. Incidentally, all of the cases cited by the appellant in this connection involved death sentences. But, even where death is to be the penalty, the common law rule as to the prisoner's right to speak before sentence no longer possesses the same inflexibility of application that it once did. The reason for this was well set forth in *Commonwealth v. Senauskas*, 327 Pa. 541, 549, 194 A. 646. It was the convicted felon's "last opportunity to speak to some one with power to save him from his impending doom . . . for at common law the defendant in cases of felony was not accorded the privilege of counsel nor could he take any appeal to a higher court." Failure of a sentencing judge to make the "ancient inquiry" before imposing the death sentence "constitute[s] reversible error only when it is shown that the prisoner has been thereby prejudiced." In the instant case, apart from the completely differentiating fact that the sentence was life imprisonment and not death, the appellant makes no showing whatsoever that he was in any way prejudiced by the court's failure to inquire whether he had anything to say before sentence was pronounced.

Order affirmed.

Mr. Justice MUSMANNO dissents.