Commonwealth ex rel. Butler, Appellant, *v.* Banmiller.

Submitted June 12, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Lonnie Butler,* appellant, in propria persona.

*Juanita Kidd Stout,* Assistant District Attorney, with her *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY GUNTHER, J., September 16, 1959:

Relator, Lonnie Butler, has appealed the dismissal of his petition for writ of habeas corpus without a hearing alleging that he was deprived of due process of law by reason of certain alleged trial error and insufficiency of the evidence to convict him.

On March 26 and 27, 1958, relator, together with three others, was tried on charges of the commission of a crime of violence while armed with a firearm, aggravated robbery and with conspiracy. Each defendant was represented by a different attorney. The defendant, Saunders, was granted a severance and found not guilty. Both he and Campbell, who previously had entered a plea of guilty, testified at relator's trial. Saunders testified that while he and Campbell were riding in relator's car driven by relator, Campbell mentioned holding up a certain taproom. Upon hearing this, Saunders requested to be let out of the car, which request was granted. Two hours later, he was in the bar when it was robbed by Campbell. Campbell testified that he left Butler's car a block and a half from the taproom, went in and robbed it of over one hundred dollars, returned to the car where he again met relator who drove him home. Campbell gave relator $31.00 of the loot and told him to say nothing about the matter.

Relator did not take the stand and, upon conclusion of the Commonwealth's case, the trial judge found relator guilty. He was sentenced on the charge of aggravated robbery to a term of not less than ten nor more than twenty years in the Eastern State Penitentiary. No appeal was taken from this sentence.

Subsequently, relator filed a petition for writ of habeas corpus, alleging that the evidence was insufficient to sustain his conviction. This petition was dismissed without a hearing.

It is apparent that relator's complaint concerns the quantity and quality of the evidence produced to sustain his conviction. He does not challenge the sentence. If a petitioner is legally detained in prison, he is not entitled to a writ of habeas corpus. Before he is entitled to the writ, he must show that he has a right to be discharged. *Commonwealth ex rel. Salerno v. Ban-*

*miller,* 189 Pa. Superior Ct. 156, 149 A. 2d 501. A writ of habeas corpus cannot be utilized as a substitute for correction of trial errors or as an appeal from such errors. *Commonwealth ex rel. Dandy v. Banmiller,* 394 Pa. 294, 147 A. 2d 372; *Commonwealth ex rel. Jones v. Day,* 181 Pa. Superior Ct. 37, 121 A. 2d 896. Neither may it be used to review the sufficiency of the evidence. *Commonwealth ex rel. Jones v. Day,* supra; *Commonwealth ex rel. Jackson v. Day,* 179 Pa. Superior Ct. 566, 118 A. 2d 289.

While a writ of habeas corpus will be granted if it appears that the relator for any reason was actually deprived of due process of law, we are unable to perceive from this record any such violation. Appellant complains about the testimony of both Saunders and Campbell as testimony given by accomplices. In the case of Saunders, however, it appears that he was not an accomplice. While he was charged with the same crime, he was found not guilty previous to giving of testimony in the instant case. An accomplice is a person who knowingly, voluntarily, and with common intent with the principal offender unites in the commission of a crime. In the case of Campbell, while an accomplice, we have held that the uncorroborated testimony of an accomplice may be sufficient to sustain a conviction. *Commonwealth v. Darnell,* 179 Pa. Superior Ct. 461, 116 A. 2d 310. Here, however, his testimony, at least in part, was corroborated by Saunders. We find no error in this regard.

Based upon the allegation presented to the court below, we agree with the disposition there made.

Order affirmed.