## Commonwealth ex rel. Creasy v. Myers

*John H. Creasy*, in proprio persona.

*Dominic Vitullo*, *Paul M. Chalfin* and *Victor H. Blanc*, for Commonwealth.

CHUDOFF, J., September 16, 1960.—On September 30, 1959, petitioner was tried and convicted in the Court of Oyer and Terminer of Philadelphia County on two bills of indictment, nos. 589 and 590, September sessions 1959, charging arson and aggravated assault and battery. The sentence on bill no. 589, arson, was for a term of imprisonment at the State Correctional Institution at Graterford of not less than five years nor more than 10 years. Sentence was suspended on bill no. 590.

Petitioner, on June 6, 1960, applied for a writ of habeas corpus in the Court of Common Pleas No. 2

of Philadelphia County, from his conviction of arson, alleging that his trial was so permeated with trial errors that collectively these errors constituted fundamental error amounting to a denial of due process of law.

The Commonwealth filed an answer denying the facts alleged and averring particularly that a petition for a writ of habeas corpus cannot attack the sufficiency of evidence upon which a conviction is based.

We dismissed the petition for a writ of habeas corpus on July 13, 1960, after hearing argument but without hearing any evidence.

In Commonwealth ex rel. Ashmon v. Banmiller, 391 Pa. 141, 137 A. 2d 236, the Supreme Court, speaking through Chief Justice Jones, said, page 144:

"The remedy for trial error is by motion for new trial followed, if necessary, by an appeal. We, as well as the Superior Court, have frequently recognized that a habeas corpus petition is not available for the correction of trial errors which could have been reviewed and corrected on appeal; it is not a substitute for an appeal or for a writ of error or for a motion for a new trial: *Commonwealth ex rel. Marelia v. Burke*, 366 Pa. 124, 126, 75 A. 2d 593; *Commonwealth ex rel. Ketter v. Day*, 181 Pa. Superior Ct. 271, 273, 124 A. 2d 163; *Commonwealth ex rel. Jones v. Day*, 181 Pa. Superior Ct. 37, 39, 121 A. 2d 896; *Commonwealth ex rel. Ruger v. Day*, 176 Pa. Superior Ct. 479, 482, 108 A. 2d 818; *Commonwealth ex rel. Cobb v. Burke*, 176 Pa. Superior Ct. 60, 63, 107 A. 2d, 207; *Commonwealth ex rel. Sharpe v. Burke*, 174 Pa. Superior Ct. 350, 354, 101 A. 2d 397."

However, where the record shows a trial or sentence which was so fundamentally unfair as to amount to a denial of due process, or that some basic fundamental error was committed which deprived defendant of one

of his constitutional rights, relief may be sought by habeas corpus: Commonwealth ex rel. Garrison v. Burke, 378 Pa. 344, 347, 106 A. 2d 587; Commonwealth ex rel. Herman v. Claudy, 350 U. S. 116, 118; Palmer v. Ashe, Warden, 342 U. S. 134. As to what constitutes denial or violation of due process of law, see Townsend v. Burke, 334 U. S. 736; United States ex rel. Smith v. Baldi, 344 U. S. 561; Brown v. Allen, 344 U. S. 443; Speller v. Allen, 344 U. S. 443; Daniels v. Allen, 344 U. S. 443; Watts v. Indiana, 338 U. S. 49; Turner v. Pennsylvania, 338 U. S. 62; Harris v. South Carolina, 338 U. S. 68; Chambers v. Florida, 309 U. S. 227; Commonwealth ex rel. Sheeler v. Burke, 367 Pa. 152, 79 A. 2d 654; Powell v. Alabama, 287 U. S. 45.

Under either or both of the aforesaid tests, there is no merit in the applicant's petition.

The principle and real questions which petitioner is now raising in this habeas corpus proceeding were raised by him and were passed upon by the court sitting as a jury, adversely to him after hearing conflicting evidence. The present petition is an attempt to reopen the same questions of fact which were resolved against petitioner by the jury at his trial, and the evidence sought to be introduced in support of the petition is similar in kind to that presented at the trial. It has been repeatedly held that the writ of habeas corpus cannot be used to reexamine matters of fact that were passed on by the jury at the trial: Commonwealth ex rel. Carey v. Montgomery County Prison Keeper, 370 Pa. 604, 88 A. 2d 904.

If the law were otherwise, there would be no finality of any conviction or sentence because the person who is convicted and sentenced could file repeated petitions for a writ of habeas corpus, raising in almost identical language, the very issues or matters of fact

which were previously decided against him by the jury and/or by our appellate courts and demand, and re-demand and re-redemand the right to present testimony to substantiate his allegations. The orderly administration of law, the protection of society, and speedy and impartial justice for all require that the validity and finality of an issue or of a sentence should not be subject to repeated attack after it has once been judicially settled.

Was a hearing necessary in order to determine the factual issues raised by the petition and answer? The answer to this question is "no," since the facts alleged are refuted by the record or were found adversely to petitioner by the jury.

In Commonwealth ex rel. Elliott v. Baldi, 373 Pa. 489, 96 A. 2d 122, the court said, at pages 494-95:

"Where the petition or application itself, or where the record upon which it is based, or both together, fail to clearly make out a case entitling a relator to the relief afforded by habeas corpus, a hearing is not necessary." [Citing cases.]

See also Brown v. Allen, 344 U. S. 443.

One other point remains for consideration. Petitioner alleges that the trial court erred in receiving evidence concerning defendant's prior criminal record solely for the purpose of determining his punishment. This contention is wholly devoid of any merit. Judges, of course, have a right to consider prior records of every person that comes before them for sentence, and they ought to take into consideration whether the record is good or bad: Commonwealth ex rel. Gilson v. Keenan, 185 Pa. Superior Ct. 49. As a matter of fact, this petitioner had been found guilty by the same trial judge in 1943 for violation of the Uniform Firearms Act and sentenced to three months in the county prison. Certainly the court is not required to shut its eyes to facts that it already knows before imposing

sentence. Petitioner undoubtedly has in mind the rule against the inadmissibility of prior conviction during a trial. But this rule has no application to the consideration of defendant's record upon sentence.

We find no trial errors which, singly or collectively, deprived defendant-petitioner of the fundamentals of a fair trial or any of his constitutional rights.

For the foregoing reasons, the petition for writ of habeas corpus was dismissed.