## Commonwealth ex rel. Woodson v. Myers

*Arlen Specter*, Assistant District Attorney, *Paul M. Chalfin*, First Assistant District Attorney, and *James C. Crumlish, Jr.*, District Attorney, for plaintiff.

*Clinton Woodson*, p.p., relator.

CARROLL, P.J., August 31, 1961.—This matter is before the court by petition for writ of habeas corpus. In his petition, relator avers that he did not receive a preliminary hearing prior to his trial on June 2, 1960, in which he was convicted of the charge of "aggravated robbery" on bill no. 455, April sessions, 1960; further, that he did not have any information or knowledge of the crime of which he was charged prior to trial and, finally, that the evidence adduced at trial was insufficient to warrant a finding of guilty to a robbery charge.

It is clear that the averments of relator's petition relating to matters occurring before his trial and the sufficiency of the evidence at the time of trial are not cognizable by a writ of habeas corpus. See Commonwealth ex rel. Lockhart v. Myers, 193 Pa. Superior Ct. 531 (1960), where the court, in an exhaustive review of the writ, stated, at page 536 et seq:

"After a plea and trial on the merits, the defendant may not by habeas corpus attack the sufficiency of the indictment: Commonwealth ex rel. Burge v. Ashe, 168 Pa. Superior Ct. 271, 77 A. 2d 725; Commonwealth ex rel. Sell v. Tees, 179 Pa. Superior Ct. 549, 117 A. 2d 813; Commonwealth ex rel. Shultz v. Myers, 182 Pa. Superior Ct. 431, 128 A. 2d 103. Defects and irregularities in the information, warrant and proceedings before the magistrate are cured by pleading to the in-

dictment and going to trial: Commonwealth v. Schoen, 25 Pa. Superior Ct. 211; Commonwealth ex rel. Rushkowski v. Burke, 171 Pa. Superior Ct. 1, 89 A. 2d 899; Commonwealth v. George, 178 Pa. Superior Ct. 261, 116 A. 2d 253. The sufficiency or regularity of proceedings prior to indictment may not be considered on habeas corpus: Commonwealth ex rel. Geisel v. Ashe, 165 Pa. Superior Ct. 41, 68 A. 2d 360; Commonwealth ex rel. Scasserra v. Keenan, 175 Pa. Superior Ct. 636, 106 A. 2d 843; Commonwealth ex rel. Scasserra v. Maroney, 179 Pa. Superior Ct. 150, 115 A. 2d 912; Commonwealth ex rel. Taylor v. Johnston, 181 Pa. Superior Ct. 600, 124 A. 2d 389."

See also Commonwealth ex rel. Butler v. Banmiller, 190 Pa. Superior Ct. 474 (1959), where the court said at page 476:

"It is apparent that relator's complaint concerns the quantity and quality of the evidence produced to sustain his conviction. He does not challenge the sentence. If a petitioner is legally detained in prison, he is not entitled to a writ of habeas corpus. Before he is entitled to the writ, he must show that he has a right to be discharged. Commonwealth ex rel. Salerno v. Banmiller, 189 Pa. Superior Ct. 156, 149 A. 2d 501. A writ of habeas corpus cannot be utilized as a substitute for correction of trial errors or as an appeal from such errors. Commonwealth ex rel. Dandy v. Banmiller, 394 Pa. 294, 147 A. 2d 372; Commonwealth ex rel. Jones v. Day, 181 Pa. Superior Ct. 37, 121 A. 2d 896. Neither may it be used to review the sufficiency of the evidence. Commonwealth ex rel. Jones v. Day, supra; Commonwealth ex rel. Jackson v. Day, 179 Pa. Superior Ct. 566, 118 A. 2d 289."

Moreover, we have examined the record of relator's preliminary hearing and trial and find no irregularities in those proceedings. At trial, defendant was represented by able counsel. The Commonwealth's evi-

dence established that relator, together with another defendant, William Brown, was apprehended while in the very act of assaulting their victim. This assault consisted of throwing the victim to the ground and going through his pockets. The identification testimony of the victim and the arresting officer was clear and corroborative. Further, the record indicates that defendant was not found guilty of the crime of "aggravated robbery" as averred in his petition; rather, he was found guilty and sentenced on bill no. 455, April sessions, 1960, charging in one count that he "together with other persons as yet unknown to this Grand Jury did feloniously assault one Augustus Blocker with intent to rob him violently and by putting in fear." See the Act of June 24, 1939, P. L. 872, sec. 705, 18 PS §4705.

In accordance with the foregoing, we have, on April 21, 1961, dismissed the petition.