### Commonwealth ex rel. Crawley v. Myers

*John Crawley*, p. p., for relator.

*William H. Wolf, Jr.*, Assistant District Attorney, *Louis F. McCabe*, Assistant District Attorney, *Arlen Specter*, Assistant District Attorney, *Paul M. Chalfin*, First Assistant District Attorney, and *James C. Crumlish, Jr.*, District Attorney, for respondent.

BLANC, J., November 10, 1961.—Relator was jointly indicted on bills nos. 226, 227 and 229, December term,

1957, charging aggravated robbery, assault and battery, conspiracy and receiving stolen goods.

On June 11, 1958, relator, along with the other two defendants, was tried before the Hon. Theodore L. Reimel, without a jury, and found guilty on the aforementioned bills. He was sentenced to three to 10 years at the Eastern Correctional Institution on bill 226, the robbery bill, and sentences were suspended on the other two bills.

Relator now, by writ of habeas corpus, presents the following questions:

1. Whether or not a conviction is valid where the evidence is a proof of innocence, rather than guilt.

2. Whether or not a conviction is valid wherein there is proof that defendant's constitutional rights were violated.

There is no merit to relator's first contention in that the record of the trial court does not support his assertion that the "evidence did not establish his guilt, but proved to the contrary, his innocence." The record clearly indicates that relator was identified as participating in the robbery by the victim.

The law is well settled in Pennsylvania that the sufficiency of evidence upon which a conviction is based cannot be tested in a habeas corpus proceeding: Commonwealth ex rel. Jones v. Day, 181 Pa. Superior Ct. 37; Commonwealth ex rel. Ruger v. Day, 176 Pa. Superior Ct. 479. In Commonwealth ex rel. Sharpe v. Burke, 174 Pa. Superior Ct. 350, 354, the court stated:

"Both appellate courts of this Commonwealth have repeatedly and clearly stated the limitations of habeas corpus. It is not available to review the sufficiency of the evidence upon which a conviction is based, or for the correction of trial errors which could have been reviewed and corrected on appeal; it is not a substitute for an appeal or for a writ of error or for a motion for a new trial."

Relator's second contention is also without merit. He contends he was beaten prior to his trial by the detectives who arrested him. The law is clear that alleged irregularities and improprieties in arrest and treatment of accused prior to trial do not constitute grounds for release by a writ of habeas corpus: Young v. Sanford, 147 F. 2d 1007; Commonwealth ex rel. Ketter v. Day, 181 Pa. Superior Ct. 271.

Accordingly, the writ of habeas corpus is dismissed.