## Commonwealth ex rel. Woodson, Appellant, *v.* Myers.

Submitted September 12, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Clinton Woodson,* appellant, in propria persona.

*Arlen Specter,* Assistant District Attorney, *Paul M. Chalfin,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY RHODES, P. J., November 16, 1961:

On June 26, 1956, appellant was sentenced to a term of not less than two years nor more than ten years on a bill of indictment charging robbery. The effective commitment date was February 28, 1955. On May 28, 1959, appellant was paroled. On March 27, 1960, the appellant was convicted on bills Nos. 455 and 456, April Sessions, 1960, for robbery, aggravated assault and battery, and assault and battery. He was sentenced to the State Correctional Institution at Philadelphia for a term of not less than three years nor more than ten years on bill No. 455, and a term of not less than one and one-half years nor more than three years on bill No. 456, the sentences to run concurrently. The appellant is now serving the unexpired balance of the sentence from which he had been paroled. The release date on this sentence is March 2, 1966. Appellant has appealed from bill No. 455.

An application for a writ of habeas corpus is premature if made before the expiration of an admittedly valid minimum sentence. *Com. ex rel. Thompson v. Day,* 182 Pa. Superior Ct. 644, 646, 128 A. 2d 133. See *Com. ex rel. Gearhart v. Cavell,* 187 Pa. Superior Ct. 464, 465, 144 A. 2d 451. However, the order of the court does not rest on that ground alone. Every phase of the application was explored on the merits and no issues of fact were found requiring an award of the writ.

The order of the court below is affirmed on the opinion of Judge CARROLL of the Court of Common Pleas No. 2 of Philadelphia County, as reported in 25 Pa. D. & C. 2d 373.