J-S79032-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RONNIE GENE POWELL, | : | |
| | : | |
| Appellant | : | No. 1177 EDA 2014 |

Appeal from the PCRA Order Entered March 14, 2014
in the Court of Common Pleas of Lehigh County,
Criminal Division, at No(s): CP-39-CR-0003264-1998

BEFORE:   ALLEN, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED FEBRUARY 23, 2015**

Ronnie Gene Powell (Appellant) appeals from the March 14, 2014 order dismissing his motion for *habeas corpus*.  We affirm.

In 1999, Appellant was convicted by a jury of numerous offenses, including attempted homicide and kidnapping, and sentenced to 20 to 40 years of imprisonment.  He filed no direct appeal.  In 2000, Appellant filed a petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, the denial of which was affirmed by this Court in 2003.  ***Commonwealth v. Powell***, 829 A.2d 363 (Pa. Super. 2003) (unpublished memorandum).  Our Supreme Court denied allowance of appeal in 2004.  ***Commonwealth v. Powell***, 853 A.2d 361 (Pa. 2004).

_____

*Retired Senior Judge assigned to the Superior Court.

On January 29, 2014, Appellant filed the *habeas corpus* motion that is the subject of this appeal. Therein, he claimed that his sentence is illegal and that he is being unlawfully detained because the Commonwealth failed to prove his guilt at trial. Motion for State *Habeas Corpus*, 1/29/2014, at 2. The lower court entered an order on February 11, 2014, advising Appellant that it would treat his motion as a PCRA petition and notifying him of its intent to dismiss the petition as untimely. On March 14, 2014, the lower court entered an order dismissing Appellant's petition. Appellant timely filed a notice of appeal[1] and statement of errors complained of on appeal.[2]

Appellant presents two questions for this Court's review:

A. Whether the lower court erred as a matter of law or abused [its] discretion in classifying and dismissing [Appellant's] *habeas* petition as a PCRA action?

B. Whether [a writ of] *habeas corpus* should issue where the record shows a trial so fundamentally unfair as to amount to a denial of due process where no evidence was presented to sustain [Appellant's] conviction as conspirator or principal?

---

[1] Appellant's notice of appeal was not docketed until April 15, 2014, but contains a proof of service dated April 7, 2014. "[P]ursuant to the 'prisoner mailbox rule,' [] appeals filed by *pro se* appellants are deemed filed on the date that the prisoner deposits the appeal with prison authorities or places it in a prison mailbox." **Commonwealth v. Feliciano**, 69 A.3d 1270, 1274 (Pa. Super. 2013) (citing **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997)).

[2] The Commonwealth suggests that Appellant has waived all issues on appeal by failing to file a 1925(b) statement in accordance with the trial court's April 25, 2014 order. However, the record shows that Appellant filed a concise statement simultaneously with the filing of his notice of appeal. Accordingly, we find no waiver.

Appellant's Brief at 2 (unnecessary capitalization and quotation marks omitted).

"[T]he PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent a remedy is available under such enactment." **Commonwealth v. West**, 938 A.2d 1034, 1043 (Pa. 2007). Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). "[A] defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013). "Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition." **Id.**

To the extent that Appellant claims his conviction results from a denial of due process, his claim is cognizable under the PCRA. **See** 42 Pa.C.S. § 9543(a)(2)(i) (providing that PCRA relief is available for convictions resulting from constitutional violations). As Appellant did not file his petition until roughly ten years after his sentence became final, and he did not plead and offer to prove a timeliness exception, Appellant's petition was untimely filed under the PCRA, and the lower court lacked jurisdiction to entertain the merits of his due process challenge. **See**, **e.g.**, **Commonwealth v. Watts**, 23 A.3d 980, 983 (Pa. 2011) ("[T]he PCRA time restrictions are jurisdictional

in nature; consequently, Pennsylvania courts may not entertain untimely PCRA petitions.").

To the extent that Appellant is attacking the sufficiency of the evidence to sustain his convictions, neither the PCRA nor a petition for *habeas corpus* offers him a remedy. ***See***, ***e.g.***, ***Commonwealth v. Rounsley***, 717 A.2d 537, 539 (Pa. Super. 1998) (holding claim that evidence was insufficient to sustain conviction "has been waived because [the appellant PCRA petitioner] failed to raise his sufficiency of the evidence claim on direct appeal"); ***Com. ex rel. Ashmon v. Banmiller***, 137 A.2d 236, 238 (Pa. 1958) ("[A] *habeas corpus* petition is not available for the correction of trial errors which could have been reviewed and corrected on appeal; it is not a substitute for an appeal or for a writ of error or for a motion for a new trial.").

Accordingly, the lower court did not err in dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/23/2015