J-S17006-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DENNIS FREDERICK MADDREY | : | |
| | : | |
| Appellant | : | No. 2922 EDA 2023 |

Appeal from the PCRA Order Entered October 13, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0008761-2009

BEFORE: BOWES, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BOWES, J.: **FILED JUNE 27, 2024**

Dennis Frederick Maddrey appeals *pro se* from the order that dismissed his "Petition for Writ of *Habeas Corpus Ad Subjiciendum*" as an untimely petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

Given our disposition, a detailed history of this case need not be recited herein.[1] Briefly, Appellant is serving a judgment of sentence, which became final in 2013, of twenty to forty years of imprisonment for convictions related to multiple robberies committed in two Montgomery County townships. Beginning with a pre-trial suppression motion and continuing in appellate and post-conviction proceedings, Appellant has unsuccessfully contended that police from one of the townships lacked statutory authority pursuant to the

_____

[1] A thorough summary of the prior proceedings is provided in the PCRA court's opinion. **See** PCRA Court Opinion, 1/10/24, at 2-5.

Municipal Police Jurisdiction Act ("MPJA") to pursue him into Philadelphia County.[2]  *See*, *e.g.*, *Commonwealth v. Maddrey*, 53 A.3d 943 (Pa.Super. 2012) (unpublished memorandum) (holding in Appellant's direct appeal that there was no MPJA violation because the officers were in hot pursuit and, in any event, suppression was not an appropriate remedy in this case).  *See also Commonwealth v. Maddrey*, 102 A.3d 546, 2014 WL 10965796, at *2-4 (Pa.Super. 2014) (unpublished memorandum) (rejecting claim that direct appeal counsel was ineffective for failing to include facts in his brief that negated the existence of hot pursuit).

The *pro se* petition at issue in the present appeal is another such effort. This time, Appellant asserted a facial challenge to the constitutionality of the MPJA.  In particular, he alleged that the MPJA is unconstitutional because, since "there currently exists no fundamental right attached to the [MPJA] when law enforcement violates the act, . . .there is no recourse in criminal proceedings when police commit violations[.]"  Petition for Writ of *Habeas Corpus Ad Subjiciendum*, 9/12/23, at 5.

_____

[2] The issue of the propriety of suppression of evidence obtained from extraterritorial conduct in violation of the MPJA is currently pending before this Court *en banc*.  *See Commonwealth v. Eakin*, 1113 WDA 2021, 2023 WL 4499814, at *1 (Pa.Super. July 11, 2023) (granting reargument).  However, since we dispose of this appeal without considering the merit of Appellant's substantive claim, the ruling in that case would have no impact on our decision here.

The court below promptly issued notice of its intent to dismiss Appellant's filing as an untimely serial PCRA petition. *See* Order, 9/21/23. In the alternative, the court opined that, even if the petition were examined under the rubric of *habeas corpus* law rather than the PCRA, no relief was due because Appellant had the opportunity to raise the constitutional challenge in prior proceedings. *Id*. Appellant filed a response eschewing the applicability of the PCRA and asserting that his issue was not subject to waiver. The court nonetheless dismissed the petition on October 13, 2023.

Appellant filed a timely notice of appeal, and both he and the PCRA court complied with Pa.R.A.P. 1925. Appellant presents the following questions for our consideration:

1. Whether the court denied [Appellant's] right to address grievances and be reviewed through the *habeas corpus* pursuant to 42 Pa.C.S. §[§] 6501-6503?

2. Whether the lower court[']s decision to turn [Appellant's] *habeas corpus ad subjiciendum* [petition] into a PCRA [petition is] a constitutional violation, where the questions presented within the *habeas corpus* were outside the purview of the PCRA?

3. Whether the following questions and arguments presented, show constitutional violations that warrant *habeas* relief[:]

   a) Is a fundamental right protected by Article I[,] § 8 and the 4th Amendment of the United States Constitution, when there is a willful disregard of legislative jurisdiction procedure, whether such failure is due to malfeasance, misfeasance, or nonfeasance[?]

   b) When a statue is not properly applied by a municipal police officer, should there not be a protective fundamental right attached?

> c) If a statue gives the power to law enforcement to restrain a citizen[']s liberty, should that citizen[']s [A]rticle I[, §] 8 and 4th Amendment right be acknowledged and addressed in that merit when the arrest was without probable cause[?]

Appellant's brief at 5 (cleaned up).

Initially, we observe that "we review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." *Commonwealth v. Howard*, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

It is well-settled that "the PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent a remedy is available under such enactment." *Commonwealth v. West*, 938 A.2d 1034, 1043 (Pa. 2007). A remedy is not unavailable under the PCRA "[s]imply because the merits of the PCRA petition cannot be considered due to previous litigation, waiver, or an untimely filing[.]." *Commonwealth v. Kutnyak*, 781 A.2d 1259, 1261 (Pa.Super. 2001). In other words, "a defendant cannot escape the [one-year] PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa.Super. 2013). Only "claims that fall outside the eligibility parameters of the PCRA may be raised through

a writ of *habeas corpus*." ***Commonwealth v. Masker***, 34 A.3d 841, 850 (Pa.Super. 2011) (*en banc*).

Upon review of the applicable law, Appellant's brief, the Commonwealth's brief, and the certified record, we agree with the PCRA court's assessment of the arguments raised by Appellant, and we affirm the dismissal of his petition on the basis of the cogent and well-reasoned opinion that Honorable William R. Carpenter entered on January 10, 2024.[3]

Specifically, Judge Carpenter properly held that Appellant's attempt to relitigate his suppression issue by challenging the constitutionality of the MPJA was a collateral attack on his judgment of sentence for which the PCRA provided remedies, including a claim structured as one of ineffectiveness of counsel in failing to present the instant argument in prior proceedings. ***See*** PCRA Court Opinion, 1/10/24, at 9. ***See also*** 42 Pa.C.S. § 9543 (providing that PCRA relief is available for, *inter alia*, claims of constitutional violations and ineffective assistance of counsel).

_____

[3] In addition to arguing that Appellant's petition was properly dismissed as an untimely PCRA petition, the Commonwealth advocates for finding waiver based upon Appellant's failure to comply with several Rules of Appellate Procedure concerning briefing requirements, such as a statement of the scope and standard of review and a summary of the argument. ***See*** Commonwealth's brief at 6-8. Since the defects in Appellant's brief have not hampered our review, we decline to dismiss the appeal. ***See***, ***e.g.***, ***Commonwealth v. Levy***, 83 A.3d 457, 461 n.2 (Pa.Super. 2013) (declining to dismiss appeal pursuant to Pa.R.A.P. 2101 because the appellant's briefing defects were not substantial and did not impede review).

Accordingly, the PCRA's time constraints applied and mandated the dismissal of the petition, which alleged no exceptions, as untimely. **See** PCRA Court Opinion, 1/10/24, at 29. **See also** 42 Pa.C.S. § 9545(b) (requiring all PCRA petitions to be filed within one year of the date on which the judgment of sentence became final unless an enumerated exception is pled and proved).

Judge Carpenter further correctly observed that even if Appellant's petition were considered under the law pertaining to *habeas corpus*, relief was unavailable because Appellant waived the claim by not raising it at trial or in a post-sentence motion. **See** PCRA Court Opinion, 1/10/24, at 9-10. **See also Com. ex rel. Ashmon v. Banmiller**, 137 A.2d 236, 238 (Pa. 1958) ("[A] *habeas corpus* petition is not available for the correction of trial errors which could have been reviewed and corrected on appeal; it is not a substitute for an appeal or for a writ of error or for a motion for a new trial.").

For these reasons, there was no viable avenue for Appellant to obtain the relief requested in his petition. Therefore, it was properly dismissed.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/27/2024

- 6 -