## Commonwealth ex rel. Haines v. Banmiller (No. 2)

*Percy S. Haines*, relator, p.p.

*Clinton R. Weidner*, District Attorney, for Commonwealth.

SHEELY, P. J., specially presiding, March 25, 1959.—Petitioner has filed a second petition for a writ of habeas corpus contending that his constitutional rights were violated at the trial at which he was convicted of murder in the first degree with life imprisonment because his wife was permitted to testify at his trial in violation of the statute making her incompetent to testify against him: Evidence Act of May 23, 1887, P. L. 158, as amended 19 PS §683.

His first petition for a writ of habeas corpus was dismissed and the dismissal was affirmed by the Supreme Court: Commonwealth ex rel. Haines v. Banmiller, 393 Pa. 439 (1958), 13 D. & C. 2d 57.

This second petition must also be dismissed. Since all the matters alleged by petitioner are matters of record, no hearing is necessary.

Even if incompetent testimony had been introduced at the trial of petitioner, it would not have constituted a violation of his constitutional rights. At most it would have been a trial error for which the remedy would have been a motion for a new trial, timely made, and an appeal from the refusal of the motion. It is elementary that a writ of habeas corpus may not be made the substitute for a motion for a new trial or for an appeal: Commonwealth ex rel. McGlinn v. Smith, 344 Pa. 41 (1942); Commonwealth ex rel. Contardi v. Smith, 344 Pa. 61 (1942).

Even aside from this fatal defect in petitioner's position, there is no merit in his contention. The record shows, as indicated in the petition, that the Commonwealth offered to call petitioner's wife as a witness since she was an eye witness to the alleged murder, and that the court would not permit her to testify. At the time the court explained to the jury that generally it is the duty of the Commonwealth to call all eye witnesses to an alleged murder but that a wife is incompetent to testify against her husband and that the court would not permit her to testify as the record then stood. The offer of the Commonwealth to call the wife as a witness and the statement of the court to the jury was not prejudicial to defendant: Commonwealth v. Weber, 167 Pa. 153, 162 (1895).

Defendant later testified in his own defense that: (1) In 1936 his wife placed a light in her window to signal a boyfriend after defendant had retired; (2) that in 1929 she had placed poison in defendant's cocoa;

(3) that in 1943 she served him poisoned food; (4) that in 1944 she served him food which was not fit to eat; (5) that while living in Chicago she had placed a sliver of glass in his luncheon sandwich; (6) that she had a gun in court on August 2, 1955 (the day of the murder) and attempted to open her pocketbook to get it. The wife was then permitted to testify for the Commonwealth in rebuttal for the purpose of denying these allegations of defendant. She was entirely competent to testify to these matters in rebuttal under the authority of section 2 of the Act of April 11, 1899, P. L. 41, 19 PS §685, which provides that: "In any criminal proceeding brought against the husband, if he makes defense at the trial upon any ground which attacks the wife's character or conduct, she shall be a competent witness in rebuttal for the Commonwealth." See Commonwealth v. Garanchoskie, 251 Pa. 247 (1916).

Attached to the petition is a photographic copy of the back of the indictment. The name of Mrs. Lulu Haines is endorsed thereon as a witness for the Commonwealth. Whether she was called by the grand jury does not appear and defendant does not so allege. If she were called before the grand jury, that fact may have been a valid ground upon which to base a motion to quash the indictment (Commonwealth v. Sees, 31 Pa. C. C. 507 (1905)), but after he has been convicted by a jury upon proper evidence, it is too late to attempt to raise this question: Commonwealth v. Schupp, 21 Dist. R. 1088 (1912).

In Commonwealth v. Spattenhover, 8 Luz. 101 (1897) the court said: ". . . after a conviction, it is illogical and contradictory to go behind a verdict upon competent testimony to inquire into the relevancy or competency of the evidence upon which the bill of indictment was found," citing 1 Chitt. Crim. Law 320, wherein it is stated: "If the grand jury find the bill

upon incompetent or improper evidence, yet if the prisoner be afterwards tried on legal and sufficient testimony, it seems that the conviction cannot be shaken." See also Commonwealth v. Snyder, 1 Leh. 20 (1904), Trexler, P. J.

In Commonwealth ex rel. Jackson v. Day, 179 Pa. Superior Ct. 566, 569 (1955), the court considered an allegation that there was insufficient testimony before the grand jury to support the indictment. The court said: "Aside from its lack of merit, this is clearly not a matter to be first raised on habeas corpus. Any objection to the obtaining of the indictment should have been timely made: Commonwealth ex rel. Burge v. Ashe, 168 Pa. Superior Ct. 271, 275."

Since the petition fails to set forth a prima facia case for a writ of habeas corpus, the petition must be dismissed.

And now, March 25, 1959, the petition for a writ of habeas corpus is dismissed and an exception to this order is noted on behalf of petitioner.