Commonwealth *v.* Haines, Appellant.

Submitted November 13, 1967.   Before BELL, C. J.,
MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Percy S. Haines,* appellant, in propria persona.

*Harold E. Sheely,* Assistant District Attorney, and
*Richard C. Snelbaker,* District Attorney, for Common-
wealth, appellee.

Opinion by Mr. Justice Musmanno, January 9, 1968:

Percy S. Haines on August 2, 1955, during the course of a nonsupport hearing instituted by his wife, shot and killed attorney John D. Faller, Jr., and wounded three other persons, the presiding judge, Honorable MARK E. GARBER, SR., attorney George S. Black, and Lulu Haines, the defendant's wife.

For the killing of John Faller the defendant, after a jury trial, was found "Guilty of Murder in the first degree with the penalty of life imprisonment," and that sentence was pronounced on September 29, 1955. No appeal was taken from this conviction and sentence. Later the defendant was convicted of assault with intent to kill, for the wounding of the other three individuals mentioned. He was sentenced to a term of $3\frac{1}{2}$ to 7 years on each of these convictions, the sentences to run consecutively following expiration of the murder sentence. Nor did he appeal from these convictions and sentences.

In 1958 and 1959 he filed petitions for writ of habeas corpus, which petitions were denied by the lower court, and the denial affirmed by this Court. He applied to the Supreme Court of the United States for a writ of certiorari in the 1959 petition which was refused. In 1964 he petitioned again for a writ of habeas corpus and this petition was dismissed by the lower court. In 1965 the present petition for habeas corpus was filed. After a hearing the lower court found that Haines' constitutional right to the assistance of counsel on appeal had been infringed and authorized a direct appeal to this Court. On May 31, 1967 this Court allowed the appeal nunc pro tunc.

In this appeal Haines alleges various errors which he claims violated his constitutional rights and entitle him to a new trial. He asserts that since the bill of indictment lists the name of his wife as a witness be-

fore the grand jury the court did not have jurisdiction to proceed to trial on that indictment. At the hearing on the petition no one could state that the wife did actually testify before the grand jury. On the contrary the district attorney who had tried the case (and is now a judge) introduced a document which had been prepared under his direction as the district attorney in charge of the grand jury proceeding. This document listed the cases heard and the witnesses who testified at the grand jury session in question. The document did not contain the name of the petitioner's wife. The district attorney testified that the list was a correct one and that he had examined it before it was presented to the court at the end of the grand jury session. No reason has been presented to question the integrity of this document. The petitioner's contention, therefore, that his wife testified at the grand jury proceeding is not substantiated by the evidence.

The petitioner asserts further that his constitutional rights were violated by the introduction at the trial of certain photographs taken of him during reenactment of the shooting and an incriminatory statement obtained by the police during interrogation. He asserts that there was no record he had been advised of his right to have counsel during the interrogation or during the alleged reenactment scenes. The interrogating officer testified that he did advise Haines that what he said could be used against him but that he did not remember telling him he had a right to be represented by counsel. The petitioner relies on *Escobedo v. Illinois*, 378 U.S. 478 and *Miranda v. Arizona*, 384 U.S. 436, but this court recently held in *Commonwealth ex rel. Mount v. Rundle*, 425 Pa. 312, that those decisions are not applicable to cases tried prior to their announcement except as to challenges to confessions where voluntariness is involved. In this case, no question is raised as to the voluntariness of confession: the peti-

tioner merely complains that he was not advised of his right to counsel. It may be added here that after Haines was informed that what he said could be used against him, he told the interrogating officer, "you ask the questions. I will answer them."

The appellant also avers that there was error in admitting the testimony of a psychiatrist. The record shows that the psychiatrist's testimony was competent rebuttal of the defendant's testimony as to why he carried a firearm into court. The one question to the psychiatrist which was objected to by defendant's counsel as leading was withdrawn before the psychiatrist answered it.

Haines alleges in addition that he was denied a constitutional right to have witnesses called to testify in his behalf. His trial counsel testified at the hearing that certain character witnesses were not obtainable. The record reveals, however, that Haines did have several character witnesses testify in his behalf, and there is nothing to suggest that the unobtainable character evidence would have, or could have, changed the result.

As stated by Judge SHEELY in his opinion dismissing a prior petition for writ of habeas corpus, which opinion we affirmed per curiam (*Com. ex rel. Haines v. Banmiller*, 393 Pa. 439, 143 A. 2d 661, cert. den., 358 U.S. 868, 79 S. Ct. 101, 3 L. ed. 2d 100): "He also alleged that he was denied the right to subpoena witnesses, but at the hearing he admitted that no one denied him this right. He testified that he asked his lawyer to get three character witnesses from Waynesboro and that the lawyer told him he had subpoenaed these three and eight more. Only three character witnesses appeared at the trial and two of these were not the ones he sent for, although he admits they were good witnesses. No request was made to the court to issue process to bring in the other witnesses and no motion

was made for a continuance because of the absence of witnesses. There is no merit in this contention."

Finally, Haines states that his constitutional rights were violated in that he was refused a copy of the court's charge to the jury and other documents. Still he admits having received the notes of testimony of the trial several months after he entered prison. The court's charge and docket entries were not, according to him, attached to the transcript and that several years passed before he received a copy of the court's charge. Since there is no allegation of error in the charge, no prejudice could have resulted to Haines from his failure to have a copy of the charge.

We find no justification for disturbing the judgment of sentence, and the judgment is affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.

---

CONCURRING OPINION BY MR. JUSTICE O'BRIEN:

I agree with the reasoning of the majority on all points except its treatment of the listing of appellant's wife as a witness on the bill of indictment. I hesitate to accept a document prepared by the district attorney rather than the listing of the wife on the bill of indictment. Especially is this true where it is entirely unnecessary to do so. In a habeas corpus proceeding involving the appellant here, we affirmed, *Com. ex rel. Haines v. Banmiller,* 398 Pa. 7, 157 A. 2d 167 (1959) on the opinion of Judge SHEELY in the court below, reported in 19 Pa. D. & C. 2d 219 (1959). That court stated, at 221: "Attached to the petition is a photographic copy of the back of the indictment. The name of Mrs. Lulu Haines is endorsed thereon as a witness for the Commonwealth. Whether she was called by the grand jury does not appear and defendant does not so allege. [He does now.] If she were called before the grand jury, that fact may have been a valid ground

upon which to base a motion to quash the indictment (Commonwealth v. Sees, 31 Pa. C.C. 507 (1905)), but after he has been convicted by a jury upon proper evidence, it is too late to attempt to raise this question: Commonwealth v. Schupp, 21 Dist. R. 1088 (1912).

"In Commonwealth v. Spattenhover, 8 Luz. 101 (1897) the court said: '. . . after a conviction, it is illogical and contradictory to go behind a verdict upon competent testimony to inquire into the relevancy or competency of the evidence upon which the bill of indictment was found,' citing I Chitt. Crim. Law 320, wherein it is stated: 'If the grand jury find the bill upon incompetent or improper evidence, yet if the prisoner be afterwards tried on legal and sufficient testimony, it seems that the conviction cannot be shaken.' See also Commonwealth v. Snyder, 1 Leh. 20 (1904), TREXLER, P. J."

Mr. Justice ROBERTS joins in this concurring opinion.