J-S22041-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RANDALL JENNETTE, | : | |
| | : | |
| Appellant | : | No.  964 MDA 2015 |

Appeal from the PCRA Order April 24, 2015
in the Court of Common Pleas of Dauphin County,
Criminal Division, at No(s): CP-22-CR-0004413-2007

BEFORE:    MUNDY, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED APRIL 20, 2016**

Randall Jennette (Appellant) appeals from the order dismissing his motion to vacate his sentence as an untimely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

As we write only for the parties, who are familiar with the long, tortured procedural history of this case, we set forth only so much of the factual and procedural history as is necessary for our analysis.[1]   On June 23, 2008, a jury convicted Appellant of multiple counts of unsworn falsification to authorities and tampering with public records stemming from his filing of illegitimate Uniform Commercial Code (UCC) financial statements with the Pennsylvania Department of State which resulted in fraudulent liens

_____

[1] A detailed review of the factual and procedural history of this matter is set forth in the PCRA court's opinion. **See** PCRA Court Opinion, 7/2/2015, at 1-10.

*Retired Senior Judge assigned to the Superior Court.

being filed against various judicial officers in Monroe County. On July 28, 2008, Appellant was sentenced to an aggregate term of eight to 16 years of incarceration. This Court affirmed the judgment of sentence on December 24, 2009. *Commonwealth v. Jennette*, 990 A.2d 46 (Pa. Super. 2009) (unpublished memorandum). Appellant did not seek review of this decision by our Supreme Court.

Following a series of unsuccessful petitions for post-conviction relief, Appellant filed a document entitled "Motion to Vacate Sentencing Order Pursuant to 55 Pa. C.S. - Statute of Limitation and Title 13 Pa. C.S. Sec. 3305(a)(1)(ii)(3)(c) - Defenses and Claims in Recoupment" on March 24, 2015, in which he sought to vacate his sentencing order on the basis that the applicable statute of limitations barred his prosecution. Appellant also challenged the legality of his conviction and his sentence. The PCRA court treated Appellant's filing as a PCRA petition and determined that it was untimely filed. The court thus dismissed the petition without a hearing, and Appellant timely filed a notice of appeal.

We begin our review by noting the relevant legal principles. It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. *Commonwealth v. Taylor*, 65 A.3d 462, 465 (2013). "[T]he PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent a remedy is available under such enactment." *Commonwealth v. West*, 938 A.2d 1034, 1043 (Pa. 2007). Any PCRA

petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). However, "claims that fall outside the eligibility parameters of the PCRA may be raised through a writ of *habeas corpus*." **Commonwealth v. Masker**, 34 A.3d 841, 850 (Pa. Super. 2011) (*en banc*). Our Supreme Court has explained that "the boundaries of cognizable claims under the PCRA can only be extended so far as is consistent with the purposes of the statute." **Commonwealth v. Judge**, 916 A.2d 511, 520 (Pa. 2007).

Appellant does not classify his March 24, 2015 motion as either a PCRA petition or a petition for writ of *habeas corpus*. Moreover, it is not clear whether Appellant's petition is cognizable under either provision. On the one hand, Appellant raises claims which are consistent with the PCRA, in that he maintains his innocence and states claims which challenge the truth-determining process and the underlying adjudication of guilt. **Cf. Judge**, 916 A.2d at 520 (applying *habeas corpus* law instead of the PCRA where Judge's claim had "no connection to the truth-determining process and [did] not render the underlying adjudication of guilt or innocence… unreliable"); **West**, 938 A.2d at 1044 (determining that *habeas corpus*, rather than the PCRA, is the appropriate vehicle for a claim that "does not implicate the truth determining process underlying his conviction and sentence, nor does it implicate the legality of the sentence imposed").

On the other hand, our Supreme Court has held that claims of due process violations and other trial court error which could have been raised on direct appeal but were not were "beyond the power of this Court to review under the express terms of the PCRA." *Commonwealth v. Abdul-Salaam*, 808 A.2d 558, 560 (Pa. 2001).

What is clear is that Appellant cannot prevail under either the PCRA or *habeas corpus*. If the PCRA applies, his petition is untimely-filed with no timeliness exception alleged. *See, e.g., Commonwealth v. Lewis*, 63 A.3d 1274, 1281 (Pa. Super. 2013) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims."); *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011) ("[T]he statute confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act.") (internal quotation omitted).

Appellant's claims also are ineligible for *habeas corpus* relief. "It is well settled that the extraordinary remedy of *habeas corpus*, which can be successfully invoked only in exceptional cases, is not a substitute for an appeal or a motion for a new trial, nor is it available for the correction of trial errors." *Com. ex rel. Williams v. Myers*, 162 A.2d 419, 420 (Pa. Super. 1960). *See also Com. ex rel. Ashmon v. Banmiller*, 137 A.2d 236, 238

(Pa. 1958) ("[A] *habeas corpus* petition is not available for the correction of trial errors which could have been reviewed and corrected on appeal; it is not a substitute for an appeal or for a writ of error or for a motion for a new trial."); ***Com. ex rel. Bey v. Myers***, 152 A.2d 921, 922 (Pa. Super. 1959). ("The sufficiency of the evidence, and any trial errors which could have been considered and corrected on appeal are not remediable or the subject of relief by *habeas corpus*."). Appellant could have raised his sentencing and statute-of-limitation claims on direct appeal, but failed to do so. Accordingly, Appellant's claims are not subject to *habeas corpus* relief.

Thus, the PCRA court did not err in dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/2016