J-S57042-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
JASON JONES, :
:
Appellant : No. 308 WDA 2016

Appeal from the PCRA Order February 5, 2016
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0012677-1998
CP-02-CR-0013289-1998

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED SEPTEMBER 07, 2016**

Jason Jones (Appellant) *pro se* appeals from the February 5, 2016 order which dismissed his petition for writ of *habeas corpus ad subjiciendum* as an untimely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

In 1999, following a jury trial, Appellant was convicted of, *inter alia*, third-degree murder for which he received an aggregate sentence of 25 to 50 years' incarceration. No direct appeal was filed.

On May 15, 2000, Appellant *pro se* filed a PCRA petition. On behalf of Appellant, appointed counsel sought and received reinstatement of Appellant's direct appeal rights *nunc pro tunc*. Appellant filed a notice of appeal, but this Court dismissed Appellant's appeal in November 2001 for

*Retired Senior Judge assigned to the Superior Court.

failure to file a brief. On March 10, 2005, Appellant filed an application seeking to restore his direct appeal rights. This Court denied Appellant's request on March 21, 2005. A subsequent petition for reargument *en banc* was also denied. Since then, Appellant has filed two post-conviction petitions, both of which resulted in no relief.

On August 21, 2015, Appellant filed a petition for writ of *habeas corpus ad subjiciendum* in the civil division, which was later transferred to the criminal division. The trial court treated Appellant's filing as a PCRA petition and determined that it was untimely filed. The trial court thus dismissed the petition without a hearing, and Appellant timely filed a notice of appeal.

We begin our review by noting the relevant legal principles. "[T]he PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent a remedy is available under such enactment." *Commonwealth v. West*, 938 A.2d 1034, 1043 (Pa. 2007). Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). "[A] defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." *Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013).

However, "claims that fall outside the eligibility parameters of the PCRA may be raised through a writ of *habeas corpus*." ***Commonwealth v. Masker***, 34 A.3d 841, 850 (Pa. Super. 2011) (*en banc*).   Our Supreme Court has explained that "the boundaries of cognizable claims under the PCRA can only be extended so far as is consistent with the purposes of the statute."   ***Commonwealth v. Judge***, 916 A.2d 511, 520 (Pa. 2007) (holding *habeas corpus*, not the PCRA, "was available to adjudicate whether defendant Judge's deportation from Canada to face the death penalty in Pennsylvania… violated his rights under the International Covenant for Civil and Political Rights").

In his petition, Appellant alleges that (1) the legislative definition of third-degree murder is too vague and (2) the trial court lacked statutory authorization to impose Appellant's sentence.   Petition for Writ of Habeas Corpus Ad Subjiciendum, 8/5/2015, at 7-10.   In his brief Appellant argues that because "none of the cases for relief [*sic*] under the PCRA address the unique situation presented in this case" he properly petitioned for a writ of *habeas corpus*.   Appellant's Brief at 11.

The trial court determined that Appellant had attempted to "remove himself from the time limitation provisions of the PCRA" by labelling his petition as a writ of *habeas corpus* and that the court properly treated the petition as a PCRA petition.   Trial Court Opinion, 4/12/2016, at 3.   In

- 3 -

proceeding to consider Appellant's filing under the PCRA, the trial court found that his petition was untimely filed. *Id*. Because Appellant failed to plead a timeliness exception, the trial court dismissed the PCRA petition.

It is not clear whether the relief Appellant seeks is cognizable under the PCRA. **Compare Judge**, 916 A.2d at 520 (applying *habeas corpus* law instead of the PCRA where Judge's claim had "no connection to the truth-determining process and [did] not render the underlying adjudication of guilt or innocence… unreliable"); **West**, 938 A.2d at 1044 (determining that *habeas corpus*, rather than the PCRA, is the appropriate vehicle for a claim that "does not implicate the truth determining process underlying his conviction and sentence, nor does it implicate the legality of the sentence imposed") with **Commonwealth v. Stout**, 978 A.2d 984, 987 (Pa. Super 2009) ("[A]ppellant's allegations of constitutional defects in adoption of the present version of the Pennsylvania Constitution and/or the Crimes Code, equate to a contention that the Court of Common Pleas lacked authority to prosecute him for the charge in question. As an attack upon the court's authority, *i.e.,* the court's jurisdiction, it could have been addressed by the PCRA court. To the extent appellant could have sought the same relief under the PCRA, he was obligated to do so, and to do so in a timely manner.")

What is clear is that Appellant cannot prevail under either the PCRA or *habeas corpus*. If the PCRA applies, his petition is untimely filed with no timeliness exception alleged. **See*, e.g., *Commonwealth v. Lewis**, 63 A.3d 1274, 1281 (Pa. Super. 2013) (quoting **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims."); **Commonwealth v. Watts**, 23 A.3d 980, 983 (Pa. 2011) ("[T]he statute confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act.") (internal quotation omitted).

Appellant's claims also are ineligible for *habeas corpus* relief. "It is well settled that the extraordinary remedy of *habeas corpus*, which can be successfully invoked only in exceptional cases, is not a substitute for an appeal or a motion for a new trial, nor is it available for the correction of trial errors." **Com. ex rel. Williams v. Myers**, 162 A.2d 419, 420 (Pa. Super. 1960). **See also Com. ex rel. Ashmon v. Banmiller**, 137 A.2d 236, 238 (Pa. 1958) ("[A] *habeas corpus* petition is not available for the correction of trial errors which could have been reviewed and corrected on appeal; it is not a substitute for an appeal or for a writ of error or for a motion for a new trial."); **Com. ex rel. Bey v. Myers**, 152 A.2d 921, 922 (Pa. Super. 1959)

("The sufficiency of the evidence, and any trial errors which could have been considered and corrected on appeal are not remediable or the subject of relief by *habeas corpus*.").  Appellant could have raised his claims related to the trial court's statutory authority to sentence Appellant and the vagueness of the third-degree murder statute on direct appeal, but failed to do so. Accordingly, Appellant's claims are not subject to *habeas corpus* relief.

Thus, the trial court did not err in dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  9/7/2016