J-S14009-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STEVEN ERIC SEMPLE | : | |
| | : | |
| Appellant | : | No. 2430 EDA 2019 |

Appeal from the PCRA Order Entered August 13, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0001766-2005

BEFORE: BOWES, J., KING, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 29, 2020**

Steven Eric Semple appeals *pro se* from the order that dismissed his petition for writ of *habeas corpus* as an untimely petition for relief under the Post Conviction Relief Act ("PCRA"). We affirm.

The history of this case is as follows. On March 6, 2006, Appellant entered a negotiated guilty plea to attempted murder and received the agreed-upon sentence of seventeen to thirty-four years of imprisonment. He filed no direct appeal. In September 2006, Appellant filed a *pro se* motion challenging the validity of his guilty plea. The court treated it as a PCRA petition and appointed counsel, who was ultimately permitted to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). The PCRA court dismissed the petition, and Appellant did not appeal.

In February 2014, Appellant filed a motion for modification of sentence, contending that his sentence was excessive, which the court denied as an untimely post-sentence motion. On appeal, this Court ruled that the motion should have been treated as Appellant's second PCRA petition, and affirmed its dismissal on the basis of untimeliness. ***See Commonwealth v. Semple***, 116 A.3d 682 (Pa.Super. 2014) (unpublished memorandum at 4-5).

Appellant filed the *pro se* petition that is the subject of the instant appeal on June 28, 2019. Therein, Appellant acknowledged that his sentence is legal, but claimed that it is "excessive and unreasonable and not needed[,]" and that a miscarriage of justice will occur if his sentence is not vacated. Petition for Writ of *Habeas Corpus* Relief, 6/28/19, at 4, 11. The court treated Appellant's petition as his third, untimely PCRA petition and issued notice of its intent to dismiss it without a hearing pursuant to Pa.R.Crim.P. 907. After receiving Appellant's response, the PCRA court dismissed the petition by order docketed on August 13, 2019. Appellant filed a timely appeal and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following questions for this Court's review: (1) "Did the PCRA court incorrectly determined, [*sic*] that [Appellant's] *habeas corpus* petition seeks relief cognizable under the [PCRA] . . . ?" and (2) "Did the PCRA court incorrectly determine that [Appellant's] subsequent converted PCRA petition is time-barred?" Appellant's brief at 6-7 (unnecessary capitalization omitted).

We begin by noting that "the PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent a remedy is available under such enactment." ***Commonwealth v. West***, 938 A.2d 1034, 1043 (Pa. 2007). "[A] defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." ***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa.Super. 2013). "Simply because the merits of the PCRA petition cannot be considered due to previous litigation, waiver, or an untimely filing, there is no alternative basis for relief outside the framework of the PCRA." ***Commonwealth v. Kutnyak***, 781 A.2d 1259, 1261 (Pa.Super. 2001). However, "claims that fall outside the eligibility parameters of the PCRA may be raised through a writ of *habeas corpus*." ***Commonwealth v. Masker***, 34 A.3d 841, 850 (Pa.Super. 2011) (*en banc*).

The PCRA court and the Commonwealth maintain that Appellant's petition challenges the legality of his sentence. ***See*** Trial Court Opinion, 11/18/19, at 5; Commonwealth's brief at 8-9. Such claims are cognizable under the PCRA. ***See***, ***e.g.***, ***Commonwealth v. Ballance***, 203 A.3d 1027, 1031 (Pa.Super. 2019) (noting that the legality of a sentence is always subject to review through a timely PCRA petition).

Yet, Appellant expressly acknowledges that his sentence is within the lawful maximum. ***See*** Appellant's brief at 16. His claim is that his legal sentence is unreasonable and excessive under the circumstances. ***Id***. Hence, Appellant's contentions implicate the discretionary aspects of his sentence.

*See*, *e.g.*, *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006) (holding claim that sentence is unreasonable challenges discretionary aspects of sentence).

This Court has held that "[c]hallenges to the discretionary aspects of sentencing are not cognizable under the PCRA." *Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa.Super. 2007). *See also Commonwealth v. Wrecks*, 934 A.2d 1287, 1289 (Pa.Super. 2007) ("Requests for relief with respect to the discretionary aspects of sentence are not cognizable in PCRA proceedings."). However, we have also acknowledged that "the PCRA statute is intended as the sole means of collaterally challenging a sentence." *Commonwealth v. Concordia*, 97 A.3d 366, 372 (Pa.Super. 2014). *See also Taylor*, *supra* at 467 (questioning in *dicta* the validity of decisional law concerning the cognizability of discretionary aspects claims under the PCRA).

Nonetheless, regardless of which framework applies, it is abundantly clear that Appellant is entitled to no relief. If the PCRA applies, the petition was properly dismissed as untimely. *See*, *e.g.*, *Taylor*, *supra* at 468 ("A petition for relief under the PCRA must be filed within one year of the date the PCRA petitioner's judgment of sentence becomes final unless the petitioner alleges and proves that an exception to the one-year time-bar is met."). The claim further fails to qualify for *habeas corpus* relief, as "[i]t is well settled that the extraordinary remedy of *habeas corpus*, which can be successfully invoked only in exceptional cases, is not a substitute for an appeal or a motion

for a new trial, nor is it available for the correction of trial errors." ***Com. ex rel. Williams v. Myers***, 162 A.2d 419, 420 (Pa. Super. 1960). ***See also Com. ex rel. Ashmon v. Banmiller***, 137 A.2d 236, 238 (Pa. 1958) ("[A] *habeas corpus* petition is not available for the correction of trial errors which could have been reviewed and corrected on appeal; it is not a substitute for an appeal or for a writ of error or for a motion for a new trial.").

Moreover, Appellant was sentenced pursuant to a negotiated plea agreement. It is axiomatic that "[o]ne who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence." ***Commonwealth v. O'Malley***, 957 A.2d 1265, 1267 (Pa.Super. 2008). ***See also Commonwealth v. Reid***, 117 A.3d 777, 784 (Pa.Super. 2015) (holding challenges to discretionary aspects of a negotiated sentence are waived and unreviewable). Therefore, Appellant's discretionary aspects claim would have been deemed waived even if he had raised it in a post-sentence motion and pursued it on direct appeal.

As such, it is apparent from the record that there is no viable avenue for Appellant to obtain the relief requested in his petition. Therefore, it was properly dismissed.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 4/29/2020*